Michele R. Stafford, Esq. (SBN 172509)
Allan D. Shuldiner, Esq. (SBN 252259)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: ashuldiner@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; <br><br> PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; <br><br> PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; <br><br> OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees; and <br><br> OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees, <br><br>   Plaintiffs, <br><br>  v. <br><br> B&C ASPHALT GRINDING, INC., a California Corporation; MICHAEL ANTHONY BIASI, an individual; JOHN ROBERT CARROLL, an individual, <br><br>   Defendants. | Case No. <br><br> **COMPLAINT** |

1

**COMPLAINT**
**Case No.**

Parties

1.  The Operating Engineers' Health and Welfare Trust Fund for Northern California ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.  B&C Asphalt Grinding, Inc., a California corporation, Michael Anthony Biasi, an individual, and John Robert Carroll, an individual (collectively, "Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2).

Jurisdiction

3.  Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.  Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining agreement between Defendants and the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union").

5.  To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,

2

**COMPLAINT**
**Case No.**

supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

6. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

7. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

8. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

### Bargaining Agreements

9. Defendant B&C Asphalt Grinding, Inc., by and through its representative, United Contractors ("UCON") *fka* Engineering and Utility Contractors Association ("EUCA"), entered into the Master Agreement for Northern California between UCON, Associated General Contractors of California, Inc., Industrial Contractors, UMIC, Inc., Northern Alliance of Engineering Contractors and the Union (the "Master Agreement" or "Bargaining Agreement"), requiring employer contributions to Plaintiffs' Funds, to the Union for union dues, and to the Bargained Entities more fully described in the

Master Agreement. The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Fund ("Trust Agreements") require Defendants to provide employer contributions to Plaintiffs' Funds, to the Union for union dues, and to the Bargained Entities more fully described in the Bargaining Agreements. ERISA Plaintiffs are third party beneficiaries of the Bargaining Agreements.

10. Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation, Holiday & Sick Pay Trust Fund; Operating Engineers Market Preservation Trust Fund; Operating Engineers Industry Stabilization Trust Fund; and the California Alliance for Jobs (together referred to herein as "Bargained Entities") and dues to the Union. Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

11. Under the Bargaining Agreement and Trust Agreements, which are incorporated into the Bargaining Agreement and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

12. The Bargaining and Trust Agreements further require Defendants to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendants as are necessary to determine whether Defendants have made full payment of all sums owed

4

**COMPLAINT**
**Case No.**

to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Factual Allegations</u>

13. Defendants have failed and refused to pay amounts found due to Plaintiffs as a result of an audit of Defendants' payroll records for the period from January 1, 2014 through December 31, 2017. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for that period.

14. Defendants have also failed to pay liquidated damages and interest for late-paid contributions for hours worked by its employees during the month of July 2018 and liquidated damages for late-paid contributions for hours worked by its employees during the months of May 2017 and January 2018.

15. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**For Audit Payment, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

17. Defendants have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreement, and Trust Agreements incorporated therein to permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

18. In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

19. By failing to make the required payments to Plaintiffs, Defendants breached the Bargaining Agreement and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20. Defendants' failure and refusal to pay the required contributions, including the amounts found by audit, plus liquidated damages and interest thereon and on late-paid contributions, was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreement, and incorporated Trust Agreements by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

21. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreement and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

22. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

23. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendants as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified

above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

        i.      To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

        ii.     To the Union in accordance with the Bargaining Agreement.

    (b)    Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

    (c)    Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2.    Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.    For an order,

    (a)    requiring that Defendants comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

    (b)    enjoining Defendants from violating the terms of those documents and of ERISA; and

    (c)    enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

4.    That the Court retain jurisdiction of this case pending compliance with its orders.

//

//

5. For such other and further relief as the Court may deem just and proper.

DATED: April 10, 2020                    SALTZMAN & JOHNSON LAW CORPORATION

By: /S/Allan D. Shuldiner
Allan D. Shuldiner
Attorneys for Operating Engineers' Health And
Welfare Trust Fund for Northern California, et al.