Michele R. Stafford, Esq. (SBN 172509)
Allan D. Shuldiner, Esq. (SBN 252259)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: ashuldiner@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., | Case No. 4:20-cv-02456-JSC |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| B&C ASPHALT GRINDING, INC., a California Corporation; MICHAEL ANTHONY BIASI, an individual; JOHN ROBERT CARROLL, an individual, | |
| Defendants. | |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers' Health and Welfare Trust Fund for Northern California, et al. ("Plaintiffs" or "Trust Funds") and against Defendant B&C Asphalt Grinding, Inc., a California Corporation, Defendant Michael Anthony Biasi, an individual, and Defendant John Robert Carroll, an individual, (collectively "Defendants"), as follows:

1.      Defendant B&C Asphalt Grinding, Inc. is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining Agreement is still in full force and effect.

2.      Defendant Michael Anthony Biasi ("Defendant Biasi") confirms that he is the RMO,

1

CEO, and President of Defendant B&C Asphalt Grinding, Inc., and is authorized to enter into this Stipulation on its behalf. Defendant John Robert Carroll ("Defendant Carroll") confirms that he is an Officer of Defendant B&C Asphalt Grinding, Inc. Defendants Michael Anthony Biasi, John Robert Carroll and B&C Asphalt Grinding, Inc. are hereinafter referred to collectively as "Defendants."

      3.      Defendant Biasi and Defendant Carroll confirm that they are personally guaranteeing the amounts due herein. All Defendants specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assigns, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant B&C Asphalt Grinding, Inc. joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendant Biasi or Defendant Carroll is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

      3.      Defendants are currently indebted to the Trust Funds as follows:

| *Liquidated Damages and Interest* | | |
|---|---|---|
| 10% Liquidated Damages on Late-Paid Contributions (5/17, 1/18 and 7/18): | | $3,493.54 |
| 10% Interest on Prior Late-Paid Contributions (7/18): | | $7.92 |
| *Account Subtotal:* | | *$3,501.46* |
| Audit (1/1/14-12/13/17) | Contribution Underpayments: | $73,996.27 |
| | 20% Liquidated Damages: | $17,089.23 |
| | 10% Interest (through 6/28/19): | $31,538.60 |
| | 10% Interest (6/29/19 – 3/20/20): | $4,645.45 |
| | Partial payment received: | ($9,971.05) |
| *Audit Subtotal:* | | *$117,268.50* |
| Attorneys' Fees (through 3/19/20): | $3,763.00 | |
| Costs (Complaint Filing Fee): | $400.00 | |
| *Attorneys' Fees/Costs Subtotal:* | | *$4,163.00* |
| *TOTAL JUDGMENT:* | | *$124,932.96* |

## **REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

      4.      **Notice requirements** pursuant to the terms of this Stipulation are as follows:

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 4:20-cv-02456-JSC**

\\SJLAW-FILES\Public\CLIENTS\OE3CL\B & C Asphalt Grinding, Inc\Pleadings\B&C - Proposed Judgment Pursuant to Stipulation 032020.docx

a) <u>Notices to Defendants</u>: Michael Anthony Biasi, John Robert Carroll, B&C Asphalt Grinding, Inc., 780 North Lincoln, Dixon, CA 95620; email: bcgrinding@gmail.com;

b) <u>Notices to Plaintiffs</u>: Michele R. Stafford, Saltzman & Johnson Law Corp., 1141 Harbor Parkway, Suite 100, Alameda, CA 94502; email: mstafford@sjlawcorp.com, copy to compliance@sjlawcorp.com

5. The requirements pursuant to the terms of this Stipulation are as follows:

a) **Monthly Payments**: Defendants shall conditionally pay the amount of **$104,350.19**, representing all of the above amounts, less liquidated damages in the amount of $20,582.77.

i) Payments in the amount of **$4,815.00 per month** shall begin on April 15, 2020, and continue on or before the 15th day of each month thereafter **for a period of twenty-four (24) months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

ii) Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

iii) Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on March 21, 2020.

b) **Contributions:** Beginning with contributions due for hours worked by Defendants' employees during the month of February 2020, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

c) **Job Report**: Beginning with the month of March 2020, and for every month thereafter until this Judgment is satisfied, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as *Exhibit A*. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

d) **Audit:** Should the Trust Funds request an audit of Defendants' payroll records

3

pursuant to the requirements of the Bargaining Agreement(s) and/or Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit.

i)   In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report, and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

ii)   In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten business days of receipt of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

iii)   If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

iv)   Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

v)   **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

//

//

//

//

//

//

//

---

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 4:20-cv-02456-JSC**

\\SJLAW-FILES\Public\CLIENTS\OE3CL\B & C Asphalt Grinding, Inc\Pleadings\B&C - Proposed Judgment Pursuant to Stipulation 032020.docx

6.      In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| Required Submissions | Delivery deadlines[1] | Delivery locations |
|---|---|---|
| **Stipulated payments in the amount of $4,815.00** payable to *Operating Engineers Trust Funds* | 15th day of each month (4/15/20-3/15/22) | Michele R. Stafford Saltzman & Johnson Law Corp. 1141 Harbor Parkway, Suite 100 Alameda, CA 94502 |
| **Current contribution reports and payments** payable to *Operating Engineers Trust Funds* | 15th day of each month (beginning 3/15/20, for 2/20 hours)* *Defendants may submit 2/20 contributions by 3/25/20* | Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA  94540-3157 Plus copies to: compliance@sjlawcorp.com (subject: B&C Asphalt"); |
| **Completed job reports** (form attached as Exhibit A to Stipulation) **and Certified Payroll** (if requested) | 15th day of each month (beginning 4/15/20, for 3/20 hours)* | compliance@sjlawcorp.com (subject: "B&C Asphalt") or Michele R. Stafford Saltzman & Johnson Law Corp. 1141 Harbor Parkway, Suite 100 Alameda, CA 94502 |

7.      Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

**DEFAULTS UNDER THE TERMS OF THIS STIPULATION**

8.      If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default ***within ten (10) days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein.

9.      Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect

[1] If the Stipulation has not been fully satisfied by 3/15/22, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 4:20-cv-02456-JSC**

\\SJLAW-FILES\Public\CLIENTS\OE3CL\B & C Asphalt Grinding, Inc\Pleadings\B&C - Proposed Judgment Pursuant to Stipulation 032020.docx

any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

10.    A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## MISCELLANEOUS PROVISIONS

11.    The above requirements remains in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating "no employees."

12.    Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

13.    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on March 15, 2022.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 4:20-cv-02456-JSC**

14. The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

15. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

16. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

17. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

18. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

19. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

20. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 4:20-cv-02456-JSC**

\\SJLAW-FILES\Public\CLIENTS\OE3CL\B & C Asphalt Grinding, Inc\Pleadings\B&C - Proposed Judgment Pursuant to Stipulation 032020.docx

21.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

22.     Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

23.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: March 31, 2020                    **B&C ASPHALT GRINDING, INC., a California Corporation**

                                         By:  _____/S/_____
                                         Michael Anthony Biasi, RMO/CEO/President of Defendant B&C Asphalt Grinding, Inc.

DATED: March 31, 2020                    **MICHAEL ANTHONY BIASI**

                                         By:  _____/S/_____
                                         Michael Anthony Biasi, Individual Defendant/ Guarantor

DATED: March 31, 2020                    **JOHN ROBERT CARROLL**

                                         By:  _____/S/_____
                                         John Robert Carroll, Individual Defendant/ Guarantor

DATED: April 10, 2020                    **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

                                         By:  _____/S/_____
                                         Sonya Brown, Fringe Benefits Director for Plaintiffs, Operating Engineers Local 3 Trust Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

8

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 4:20-cv-02456-JSC**

1    DATED: _____April 13_____, 2020

2

3                                                                    UNITED _____ T JUDGE



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. 4:20-cv-02456-JSC**

\\SJLAW-FILES\Public\CLIENTS\OE3CL\B & C Asphalt Grinding, Inc\Pleadings\B&C - Proposed Judgment Pursuant to Stipulation 032020.docx

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the 15th day of each month**
by email to compliance@sjlawcorp.com (subject line: *B&C Asphalt*) , or
delivered to Saltzman & Johnson, 1141 Harbor Bay Parkway, Suite 100, Alameda, CA 94502

**Employer: B&C ASPHALT GRINDING, INC.**

Report for the month of _____, 20__ Submitted by: _____

| Project Name: | | Public or Private? (Circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Phone #: | Project Manager Name: | |
| Project Manager Phone #: | Project Manager email address: | |
| Contract #: | Contract Date: | |
| Total Contract Value: | | |
| Work Start Date: | Work Completion Date: | |
| Project Bond #: | Surety: | |

| Project Name: | | Public or Private? (Circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Phone #: | Project Manager Name: | |
| Project Manager Phone #: | Project Manager email address: | |
| Contract #: | Contract Date: | |
| Total Contract Value: | | |
| Work Start Date: | Work Completion Date: | |
| Project Bond #: | Surety: | |

***Attach additional sheets as necessary***

1

Exhibit A to Judgment Pursuant to Stipulation
Case No.

22.     Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

23.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: March 31 , 2020                     **B&C ASPHALT GRINDING, INC., a**
                                           **California Corporation**

                                           By: Michael Anthony Biasi
                                           Michael Anthony Biasi, RMO/CEO/President of
                                           Defendant B&C Asphalt Grinding, Inc.

DATED: March 31 , 2020                     **MICHAEL ANTHONY BIASI**

                                           By: Michael Anthony Biasi
                                           Michael Anthony Biasi, Individual Defendant/
                                           Guarantor

DATED: March 31 , 2020                     **JOHN ROBERT CARROLL**

                                           By: 
                                           John Robert Carroll, Individual Defendant/
                                           Guarantor

DATED: ~~March~~ 10 , 2020                 **OPERATING ENGINEERS LOCAL 3**
       April                               **TRUST FUNDS**

                                           By: Sonya Brown
                                           Sonya Brown, Fringe Benefits Director for
                                           Plaintiffs, Operating Engineers Local 3 Trust
                                           Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: _____ , 2020

_____
UNITED STATES DISTRICT COURT JUDGE

8

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.**